UTICA,
July, 1833.

Kinney
v.
Green.

---

### KINNEY vs. GREEN.

Where the pendency of a suit commenced by *summons* is pleaded in a *justice's court*, in bar to a suit commenced by *warrant* against a defendant about to abscond, the fact of the defendant being about to abscond should be replied; and whether such replication be put in or not, the plaintiff is bound to *prove the fact on the trial* by evidence other than the affidavit on which the warrant was obtained.

ERROR from the Rensselaer common pleas. Kinney sued Green in a justice's court, by *warrant*, on affidavit that Green was about to depart from the county with intent not to return thereto. Green was brought before the justice, and the plain-

tiff declared against him ; he put in a plea, that on the day preceding the issuing of the warrant, he had commenced a suit before another justice, *against the plaintiff*, by *summons*, and that the plaintiff's cause of action, if any, existed previous to the suing out of the summons. The plaintiff replied, that the pendency of the suit by summons was no bar to his suit by warrant, because, before the issuing of the warrant, *he had proved to the satisfaction of the justice* that the defendant was about to abscond from the county, and produced the warrant and affidavit ; the justice decided that the suit by summons was no bar to the plaintiff's suit. The cause was then adjourned, and on the day of trial the plaintiff proved his demand ; the defendant proved the issuing and service of the *summons* on the day preceding the issuing of the warrant, and asked that the suit *abate*, unless the plaintiff should shew by evidence other than the affidavit of the plaintiff on which the warrant issued, that the defendant was about to depart from the county, &c. The justice decided that the plaintiff was not bound to offer such proof, as that matter had been decided at the time of the return of the warrant, and proceeded to render judgment in favor of the plaintiff. The *defendant* sued out a *certiorari*, removing the judgment into the Rensselaer common pleas, in which court the judgment of the justice was reversed. Whereupon the *plaintiff* sued out a *writ of error*.

*J. Pierson,* for the plaintiff.

*H. P. & S. S. Hunt,* for the defendant.

*By the Court,* NELSON, J. The plea interposed before the justice was a good defence to the action, and the matter set up by the plaintiff, viz. that he has proved to the *satisfaction of the justice, before the issuing of the warrant, that the defendant was about to abscond,* constituted no answer to it. The pendency of a suit commenced by summons having been pleaded, the plaintiff, to sustain his action, was bound *to prove on the trial* that the defendant was about to abscond from the county when the warrant issued. 2 *R. S.* 234, § 49. This fact should have been replied, instead of the matter alleged by the plain-

tiff by way of replication. The justice erred in deciding the replication to be sufficient, and the common pleas were right in reversing the judgment. The provision in the revised statutes above referred to, is unlike the seventh section of the act of 1824, page 282, and was intended to reach an abuse under that act, by requiring proof *on the trial*, as of any other fact that the defendant was about to abscond when the warrant issued. Under the act of 1824, the issuing of the warrant was conclusive, and the fact whether the defendant was about to abscond, was not inquirable into on the trial.

Judgment affirmed.